

1700 K Street, NW
Suite 650
Washington, DC 20006

Direct
202-540-7200 Main
202-540-7201 Fax

June 19, 2015

The Honorable James Orenstein
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **Re:**    *In re Espar Antitrust Litig.,* No. 15-MC-940 (JG) (JO) (Direct Purchaser Actions)

Dear Judge Orenstein:

Plaintiffs Triple Cities Acquisition LLC ("TCA") and National Trucking Financial Reclamation Services ("NTRS") submit this supplemental letter brief in further support of their motions for appointment of their counsel, Hausfeld LLP ("HLLP") and Roberts Law Firm P.A. ("RLF"), respectively, as interim lead counsel for the Direct Purchaser Plaintiff ("DPP") class.[1] They now move the Court for their counsels' appointment as interim *co-lead* counsel for the DPP class.

Four direct purchasers of parking heaters have filed complaints alleging Espar and its co-conspirators violated the federal antitrust laws. Each has now sought appointment of their attorneys as lead counsel for the DPP class.[2] DPP counsel conferred regarding leadership appointments, initially indicating amenability to a four-firm executive committee, but without agreeing on the role of the committee chair.[3] HLLP noted the importance of assigning to the chair broad litigation management responsibilities to enhance efficiency. (ECF No. 8 at 2.)

Since then, HLLP and RLF, which filed the first two DPP cases, have agreed that, in lieu of an agreed-upon four-firm executive committee, the appointment of two interim co-lead counsel is more appropriate considering: (1) that only two defendant groups have been named, with few others likely to follow; and (2) that Espar has already entered a guilty plea in the associated federal criminal matter, while the other named defendant, Webasto, is likely the leniency applicant through which cooperation will be forthcoming.[4] As a result, discovery should be more

---

[1] *See* Mot. To Appoint Counsel, *Triple Cities Acquisition LLC v. Espar* ("*TCA*"), *Inc.*, No. 15-cv-1343 (E.D.N.Y. Apr. 22, 2015) (ECF No. 14); Mot. to Consolidate and for Appointment of Counsel, *Nat'l Trucking Fin. Reclamation Servs. v. Espar, Inc.* ("*NTRS*"), No. 15-cv-2310 (E.D.N.Y. Apr. 28, 2015) (ECF No. 10).

[2] *See supra* n. 1; Mot. To Appoint Counsel, *Trailer Craft v. Espar*, No. 15-cv-2411 (E.D.N.Y. May 18, 2015) (ECF No. 9); Mot. to Appoint Counsel, *Guay Bros. v. Espar*, No. 15-mc-940 (E.D.N.Y. June 12, 2015) (ECF No. 25).

[3] *See* TCA Status Report, *In re Espar Antitrust Litig.* ("*Espar*"), No. 15-mc-940 (E.D.N.Y. June 5, 2015) (ECF No. 8); Trailer Craft, NTRS, & Guay Bros. Status Report, *Espar*; No. 15-mc-940 (E.D.N.Y. June 5, 2015) (ECF No. 9).

[4] During the May 22, 2015 status conference with the Court, comments by Webasto's counsel suggested Webasto was the U.S. DOJ Antitrust Division's Corporate Leniency Program applicant. *See* Hrg. Tr. 20-21 (May 22, 2015).

streamlined than in other antitrust class actions. Since the attempt at private ordering was unsuccessful, a two-firm co-lead structure is the best fit as it minimizes duplication and costs while still ensuring collaborative case management. *See, e.g.*, *Four In One Co. v. SK Foods*, No. 08-cv-3017, 2009 WL 747160, at *2-3 (E.D. Cal. Mar. 20, 2009) (declining to appoint 4 co-leads due to inefficiency concerns, and appointing 2 co-leads instead).[5] HLLP and RLF propose that, as co-leads, they be assigned the functions identified in the attached Proposed Order, including implementation of time-keeping protocols, and rigorous supervision of work assignments.

When there is more than one leadership applicant, the court must appoint the applicants "best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). In determining which applicants satisfy this requirement, courts consider not only the factors enumerated under Rule 23(g)(1)(A),[6] but also "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class," including "(1) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; and (3) the capabilities of counsel . . . ." *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 272 (S.D.N.Y. 2009) ("*BoA*") (quotations and citation omitted); *see also In re HSBC Bank USA, N.A., Debit Card Overdraft Fee Litig.*, No. 12-cv-5696, 2013 WL 3816597, at *10 (E.D.N.Y. July 22, 2013).

The Court also considers the qualifications of counsel, whether they will "fairly and adequately represent all of the parties on their side," and the reasonableness of costs and fees to be charged to the case. *BoA,* 258 F.R.D. at 272. Counsels' knowledge and experience in prosecuting the type of action at issue is the factor many courts deem most important in selecting lead counsel. *In re Bear Stearns Cos., Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, No. 08-mdl-1963, 2009 WL 50132, at *11 (S.D.N.Y. Jan. 5, 2009).

HLLP and RLF more than satisfy Rule 23(g)(2) and other factors courts consider in appointing lead counsel. *First*, HLLP and RLF filed the first two DPP actions in this case, reflecting their early and active involvement. HLLP filed the *Triple Cities* action just four days after this Court entered Espar's guilty plea and had conducted extensive research prior to filing. RLF similarly investigated the case before filing. *Trailer Craft* and *Guay Bros*. were filed five weeks and eleven weeks, respectively, after *Triple Cities* was filed.[7] Each subsequent complaint substantially mimicked substantive allegations in the *Triple Cities* complaint, derived from HLLP's investigation of the conduct and market.[8] Appointment of firms filing the initial complaints as

---

[5] For other examples, *see* Ex. A, Mem. &Order, *In re LIBOR-based Fin. Instruments Antitrust Litig.*, No. 11-md-2262 (S.D.N.Y. Nov. 29, 2011) (ECF No. 66); Ex. B, Order, *In re Foreign Exch. Benchmark Rates Antitrust Litig.*, No. 13-cv-7789 (S.D.N.Y. Mar. 4, 2014) (ECF No. 145).

[6] These include: (i) work conducted to investigate the claims; (ii) experience in class and complex actions and the claims asserted; (iii) knowledge of applicable law; and (iv) resources to be committed. Fed. R. Civ. P. 23(g)(1)(A). HLLP and RLF incorporate by reference their prior briefing on these matters.

[7] While TCA and NTRS did not name Webasto, recent comments from Webasto's counsel, *see supra* n.4, and the recent European Commission's findings, *see infra* n.13 & accompanying text, provide sufficient basis to name Webasto, which TCA and NTRS will do in an amended complaint.

[8] *Compare, e.g.*, *TCA* Compl. ¶¶ 47-48, 50, 52, 3, 55,-56, 57-58, 60, 77 *with Trailer Craft* Compl. ¶¶ 49-50, 51, 54,

# HAUSFELD

PAGE 3
June 19, 2015

lead counsel is warranted, particularly when later complaints are substantially similar to the initial filings. *See In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008).

*Second*, TCA is the only plaintiff that has alleged receipt of notice from the U.S. Department of Justice ("DOJ") that it may be a victim of the alleged conduct,[9] making it a superior class representative. By contrast, for example, the named plaintiff in *Guay Brothers* has dissolved and thus may not have the same interests in securing injunctive relief for the class.[10]

*Third*, both HLLP and RLF have actively and assertively represented the interests of the class, with, for example, HLLP staying in regular contact with the DOJ regarding discovery and other matters as a result of TCA's receipt of the victim letter,[11] and NTRS filing for class certification to protect the putative DPP class from a potential complete Rule 68 offer and related motion.[12]

*Fourth*, HLLP and RLF have superior capabilities both with respect to the types of antitrust claims presented here, but also in the resources and reach they bring to the table, and their history of working collaboratively together in complex litigation. As outlined in its prior brief, HLLP has by far the most experience litigating and trying complex antitrust matters, particularly in this district, than counsel for Trailer Craft and Guay Brothers, and has been appointed lead or co-lead counsel in dozens of antitrust class actions. Likewise, RLF has extensive experience in antitrust and other class actions. And the two firms work well together, such as when they served the settlement class in *NTRS vs. Pilot Corp.*, *see* Order ¶¶4(A) & (C), No. 13-cv-250 (E.D. Ark. July 24, 2013) (ECF No. 15), where RLF was co-lead settlement counsel.

Not only do both firms have the resources to lead this case, but HLLP is the only firm with a European claimant competition litigation practice, with offices in London and Brussels and active matters across Europe, including within Germany—where Espar and Webasto are managed. RLF likewise has a robust international litigation practice. This provides HLLP/RLF with superior ability to investigate the involvement of Defendants' parents, which the European Commission found just this week engaged in a comparable conspiracy abroad and for which it fined Espar's parent €68 million.[13]

For all these reasons, HLLP and RLF should be appointed interim co-leads for the DPPs.

Respectfully submitted,

---

56, 57, 58, 59-60, 65, 71 *and Guay Brothers* Compl. ¶¶ 57, 59, 60, 58, 64,62, 55, 80, respectively.

[9] Compl. ¶ 73 & Ex. A, *TCA*, No. 15-cv-1343 (E.D.N.Y. Mar. 16, 2015) (ECF No. 1).

[10] N.H. Dep't of State, Corp. Div., https://www.sos.nh.gov/corporate/soskb/Corp.asp?384989. *See also In re Flash Memory Antitrust Litig.*, No. C 07-0086, 2010 WL 2465329, at *5-6 (N.D. Cal. June 10, 2010) (calling into question whether a dissolved corporation can serve as a class representative).

[11] Hrg. Tr. 4, 8.

[12] *See* Mot. to Certify Class, *NTRS*, No. 15-cv-2310 (E.D.N.Y. Apr. 23, 2015) (ECF No. 6); Hrg. Tr. 27-30.

[13] *See* European Commission, Press Release, *Antitrust: Commission fines parking heaters producer €68 million in cartel settlement*, June 17, 2015 http://europa.eu/rapid/press-release_IP-15-5214_en.htm.



| **HAUSFELD LLP** | **ROBERTS LAW FIRM, P.A.** |
|---|---|
| ____/s/ Bonny E. Sweeney____ | ____/s/ Michael L Roberts____ |
| Bonny E. Sweeney | Michael L. Roberts |
| 600 Montgomery Street, Suite 3200 | Debra G. Josephson |
| San Francisco, CA 94111 | Stephanie E. Smith |
| Telephone: (415) 633-1908 | 20 Rahling Circle |
| Facsimile: (415) 358-4980 | Little Rock, AR 72223 |
| bsweeney@hausfeld.com | Tel: 501.476.7391 |
|  | Facsimile**:** 501.821.4474 |
| Michael D. Hausfeld | Email: mikeroberts@robertslawfirm.us |
| Seth R. Gassman | Email: stephaniesmith@robertslawfirm.us |
| 1700 K St. NW, Suite 650 | Email: debrajosephson@robertslawfirm.us |
| Washington, D.C. 20006 |  |
| Telephone: (202) 540-7200 |  |
| Facsimile: (202) 540-7201 |  |
| Email: mhausfeld@hausfeld.com |  |
| Email: sgassman@hausfeld.com |  |

*Proposed Co-Lead Counsel for the Direct Purchaser Plaintiff Class*