

SOLOMON B. CERA
scera@cerallp.com

June 19, 2015

**VIA ECF**

The Honorable James Orenstein
United States Magistrate Judge
Courtroom 11D South
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *In re Espar Antitrust Litig.*, Case No. 1:15-MC-00940-JG-JO
              (Direct Purchaser Actions Only)

Dear Judge Orenstein:

      Pursuant to Your Honor's Minute Order of June 9, 2015, this letter is submitted on behalf of the plaintiff in *Trailer Craft, Inc. v. Espar, Inc., et al.,* No. 15-cv-2411-JG-JO, in further support of the application of its counsel, Cera LLP, to be included in the leadership structure on behalf of the Direct Purchaser Plaintiffs. *See* ECF No. 24. As set forth in Trailer Craft's May 18, 2015 motion, given the breadth of experience and success of Cera LLP in direct purchaser class action cases of this type, as well as the fact that Cera LLP was the first firm to name as defendants both alleged co-conspirators (Espar, Inc. and Webasto), Cera LLP should be included in the leadership prosecuting claims on behalf of the Direct Purchaser Plaintiff class.

      As indicated in prior filings made by the other Direct Purchaser Plaintiffs' counsel who have applied to be appointed interim lead counsel, an agreement in principle was reached among Cera LLP, Kaplan Fox & Kilsheimer LLP, Hausfeld LLP, and the Roberts Law Firm, P.A. to lead this case as members of an Executive Committee of counsel. *See* ECF No. 9 (joint letter of counsel); ECF No. 8 (Status Report of Hausfeld LLP stating, in part, "all four DPP counsel are amenable to having a four-member Executive Committee"). The agreement foundered, at least temporarily, with regard to what specific duties would fall to the Chairman of the Committee, based on a concern that the intent of the Committee structure would be vitiated by having a single, all-powerful "Chair" who would in effect be the sole lead counsel. Trailer Craft submits that this issue is easily dealt with and should be no impediment to appointment of the four-firm

**CERA LLP, Attorneys At Law**                                                **SAN FRANCISCO • BOSTON**
595 Market Street, Suite 2300, San Francisco, CA 94105                    www.cerallp.com
Tel: 415-777-2230    Fax: 415-777-5189

The Honorable James Orenstein
June 19, 2015
Page 2

committee structure previously agreed to by all counsel.

Specifically, Trailer Craft does not oppose entry of an order similar to the Case Management Order No. 1 in *In re Optical Disk Drive Prods. Antitrust Litig.*, No. 10-2143 VRW (N.D. Cal.), which is attached to ECF No. 8, including appointment of a Chair of the Committee, with one caveat. The language of the *Optical Disk Drive* Order to the effect that "[a]ny agreements entered into by the Chairman of the Committee with defendants or their counsel shall be binding on all direct purchaser plaintiffs" effectively appoints a single lead counsel and is therefore objectionable. That language should be modified to read as follows:

> "The Chairman of the Committee shall, on behalf of the Direct Purchaser Plaintiffs, have the responsibility, following consultation with, and input and participation by the full committee, to oversee the litigation, including any subsequent tag-along cases. Any material decisions and agreements with respect to the litigation, including but not limited to settlement, shall be approved in advance by a majority of the Committee. Tie votes shall be resolved by the vote of the Chairman."

Language such as this is necessary to ensure that the committee has a meaningful role and that this case is not run by a sole lead counsel. Otherwise, for example, the chairman of the committee would have the power to unilaterally settle the litigation, undermining the intent of the committee structure, where, as here, prospective committee members such as Cera LLP have spent considerable time, effort, and expense researching and investigating the case, identifying appropriate defendants, negotiating the committee structure, and otherwise acting on behalf of their clients and the class.

An Executive Committee of the four Direct Purchaser Plaintiffs' counsel should be appointed. Cera LLP, Hausfeld LLP, and Kaplan Fox each are well qualified to serve as the chair of such committee given their extensive experience in litigation of this type. These firms have a long history of working effectively and cooperatively with one another. Accordingly, an Executive Committee of counsel to represent the Direct Purchaser Plaintiffs should be appointed as described above.

Very truly yours,

Solomon B. Cera