

T 708.828.4949　F 708.628.4950

Steve W. Berman
Managing Partner
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WA 98101
www.hbsslaw.com
**Direct (206) 623-7292**
**Direct Fax (206) 623-0594**
**steve@hbsslaw.com**

June 19, 2015

<u>*Via CM/ECF*</u>

The Honorable James Orenstein
United States Magistrate Judge
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *In re Espar Inc. Antitrust Litigation*, Case No. 1:15-mc-00940-JG-JO
            **This Document Relates To:** Indirect Purchaser Cases

Dear Magistrate Judge Orenstein:

      We represent indirect purchaser plaintiffs Raccoon Valley Transport, Inc. and Audrius Labaciauskas (the "First Filed Plaintiffs"). We write pursuant to the Court's June 5, 2015 minute order requiring supplemental letters to the previously filed lead counsel motions.[1]

      For the reasons set forth below, we continue to believe that based on the nature of this case, only one lead counsel is necessary, and we respectfully submit that Hagens Berman is the right choice to represent the indirect purchaser plaintiff class in this case. However, although we strongly disagree with the *Regional International* Plaintiffs' proposed leadership structure in this case, we do not question the credentials of the counsel in that structure. Therefore, to the extent the Court believed a second lead

---

[1] The First Filed Plaintiffs incorporate by reference their previous filings relating to leadership issues. *See, e.g.,* Plaintiffs' Motion to Appoint Steve Berman of Hagens Berman Sobol Shapiro LLP as Interim Lead Class Counsel for Indirect Purchaser Plaintiffs (filed at Dkt. 17 in Case No. 15-cv-1338); Indirect Purchaser Plaintiffs Raccoon Valley Transport, Inc. and Audrius Labaciauskas' Response to Motion for Consolidation of Related Actions (Dkt. 24 in Case No. 15-cv-1338); Indirect Purchaser Plaintiffs Raccoon Valley Transport, Inc. and Audrius Labaciauskas' Response to Regional International Corp. and Mead Automotive's Motion for Appointment of Interim Co-Lead Counsel for Indirect Purchaser Plaintiffs (Dkt. 22 in Case No. 15-cv-1798).

SEATTLE　BOSTON　CHICAGO　COLORADO SPRINGS　LOS ANGELES　NEW YORK　PHOENIX　SAN FRANCISCO　WASHINGTON, D.C.

010505-11  788908 V1

June 19, 2015
Page 2

counsel should be appointed, Hagens Berman would be pleased to work with any of the plaintiffs' counsel identified in the Regional Plaintiff's proposed structure.[2]

A.  **The Nature of this Case Does Not Support the Bloated Structure Proposed by the *Regional International* Plaintiffs And Such Structure Is Not In Best Interests of the Class.**

The *Regional International* Plaintiffs' proposed leadership structure proposes two co-chairs for all Indirect Purchaser Plaintiffs (counsel for Regional International and Mead Automotive), aided by a liaison counsel from California,[3] as well as a "committee

---

[2] Good cause would exist for the Court to appointing two co-lead counsel should it be so inclined.  The First Filed Plaintiffs have objected to the appointment of the *Regional International* counsel as counsel for all indirect purchasers because of a potential conflict between resellers (such as Regional International) and end users (such as the First Filed Plaintiffs) related to issues of pass-through damages.  *See generally* Indirect Purchaser Plaintiffs Raccoon Valley Transport, Inc. and Audrius Labaciauskas' Response to Regional International Corp. and Mead Automotive's Motion for Appointment of Interim Co-Lead Counsel for Indirect Purchaser Plaintiffs (Dkt. 22 in Case No. 15-cv-1798).  Courts thus frequently appoint separate lead counsel for reseller and end user indirect purchasers.  *See id.* at 2-4 (citing cases).

The *Regional International* Plaintiffs explicitly concede that at some point there will be a conflict between distributor and end purchaser plaintiffs, attempting to minimize the inevitable conflict by incorrectly claiming it will not arise until settlement.  *See* Dkt. 29.  However, the issue of overcharge pass-on arises when demonstrating antitrust impact and damages during the liability phase, as well as demonstrating that common questions of fact predominate under Rule 23. Thus, the nature of the issue implicates a tension between distributors and end users during each phase of the litigation. That separate counsel were not appointed until settlement in other cases is irrelevant and does not mean following such a timeline would be good practice here.  Given that the *Regional International* Plaintiffs concede there will be a conflict, it makes little sense to "wait and see" when the conflict may manifest itself.

[3] Although proposed liaison counsel's firm maintains an office in New York, he actually is resident in the firm's Burlingame, California office.  *See* http://www.cpmlegal.com/attorneys-Steven-Williams.html.  Under Hagens Berman's leadership proposal, separate liaison counsel will be unnecessary since it maintains an independently qualified New York office. *See, e.g., In re Nice Sys. Sec. Litig.,* 188 F.R.D. 206, 224 (D.N.J. 1999) (denying request to appoint liaison counsel, noting "[i]n the instant case, Proposed Lead Plaintiffs have not offered any explanation as to what duties would be assumed by [proposed liaison counsel] and why such duties could not be adequately performed by lead counsel.  Further, it has not been demonstrated how the duties of the liaison counsel would not be coextensive with those of the lead counsel"); *Rozenboom v.*

June 19, 2015
Page 3


of the whole," currently comprised of five firms from four other cases, bringing the total number of firms proposed by the Regional International Plaintiffs to *seven*.  Quite simply, appointment of seven firms would be overkill, inefficient, and promote attorney lodestar over maximizing class member recovery.

First, there are currently just two defendants - Espar and Webasto.  Espar has already pled guilty for its role in the antitrust scheme.  It is believed Webasto is in the DOJ leniency program, as Webasto disclosed the existence of the cartel to the authorities in the European Union and avoided a fine there.[4]  As a result, this is not a case where the defendants can realistically contest the fact of the price-fixing conspiracy, and indeed, Espar's guilty plea can be used as *prima facie* evidence of its guilt in this case.

With the facts likely to be largely uncontested as to the conspiracy, a leadership committee of seven firms is simply too many and will unquestionably result inefficiencies for the class.  Here, appointment of Hagens Berman as lead counsel is appropriate, will promote focus and the efficient management of work assignments, and is tailored to the facts of this case.

**B.    Steve Berman and Hagens Berman Remain the Clear Choice to Lead Indirect Purchaser Claims.**

Steve Berman and Hagens Berman readily satisfy all criteria courts consider in making leadership appointment determinations.[5]  Moreover, Hagens Berman has been appointed to lead some of the largest cases in this district and circuit (and across the country as well).  These cases include:

*In re Visa Check/MasterCard Antitrust Litigation*

---

*Van Der Moolen Holding, N.V.,* No. 03-C-8284, 2004 WL 816440, at *7 (S.D.N.Y. Apr. 14, 2004) (noting that the appointment of liaison counsel "appears unnecessary' where lead counsel selected had local offices).

[4] *See also* Tom Fairless, *EU Fines German Auto-Parts Producers EUR68 Million Over Cartel*, Nasdaq.com (available at http://www.nasdaq.com/article/eu-fines-german-autoparts-producers-eur68-million-over-cartel-20150617-00153) (last visited June 18, 2015).

[5] *See generally* Plaintiffs' Motion to Appoint Steve Berman of Hagens Berman Sobol Shapiro LLP as Interim Lead Class Counsel for Indirect Purchaser Plaintiffs (filed at Dkt. 17 in Case No. 15-cv-1338).

June 19, 2015
Page 4

Case No. 96-cv-5238 (E.D.N.Y.) (J. Gleeson)

Description:  In a case overseen by Judge Gleeson, Hagens Berman, as co-lead, challenged Visa and MasterCard tying arrangements between their debit card business and their dominant credit card business.  Just before trial, it settled for over $3 billion in cash and injunctive relief valued in the billions, making it the largest antitrust settlement in history at the time.

*In re Electronic Books Antitrust Litigation*
Case No. 11-md-2293 (S.D.N.Y.) (J. Cote)

Description:  Hagens Berman pioneered this litigation as lead counsel against Apple and the largest brick-and-mortar publishers for antitrust violations.  We worked in novel partnership with the Department of Justice and 33 Attorneys General, representing purchasers of e-books in 19 states and four U.S. territories.  Conditioned on the Second Circuit's handling of Apple's appeal, the class may receive up to $560 million to resolve price fixing allegations, on single damages of $270 million.

*In re General Motors LLC Ignition Switch Litigation*
Case No. 14-MD-2543 (S.D.N.Y.) (J. Furman).

Description:  The Hon. Jesse Furman *sua sponte* appointed Steve Berman as temporary lead counsel on June 24, 2014.  Judge Furman then reappointed Mr. Berman to serve as co-lead counsel for economic loss cases on August 15, 2014, after receiving written applications from dozens of lawyers and hearing individual presentations by 40 lawyers.

In addition to Hagens Berman's general qualifications to act as lead counsel here, Hagens Berman has also demonstrated its commitment and qualifications to this case specifically.  In addition to being the first to file, Hagens Berman has proposed specific and early proposals to move the litigation forward by prioritizing production of the Government Investigation Documents.[6] In addition to the early proposals offered by

---

[6] Plaintiffs' Motion to Appoint Steve Berman of Hagens Berman Sobol Shapiro LLP as Interim Lead Class Counsel for Indirect Purchaser Plaintiffs (filed at Dkt. 17 in Case No. 15-cv-1338).

June 19, 2015
Page 5

Hagens Berman, the firm is also working with experts. Instead of making proposals to expedite the case, the *Regional International* Plaintiffs have focused their efforts on promoting and consolidating a leadership position among friendly firms.

As this Court must independently examine any leadership proposal, an unnecessarily bloated leadership proposal - filed by firms attempting to piggyback on the lead taken by Hagens Berman - should carry no weight.[7] Thus, as the first firm to file any case against Espar, the first firm to move for interim lead counsel, the first firm to propose case management procedures and the first firm to propose document production and confidentiality orders, Steve Berman and Hagens Berman have already demonstrated their leadership in this case.[8]

Thus, Steve Berman and Hagens Berman are the appropriate selection for leading this case.

C.  **In Contested Leadership Applications, Courts Appoint Hagens Berman As The Single Lead Counsel, Including Over Competing Proposals Offered by The Same Firms Now Before the Court.**

Finally, Hagens Berman is grateful that courts have recognized the firm's leadership, including in contested applications with many of the firms involved in this case. For example, in the *In re Stericycle, Inc., Sterisafe Contract Litigation,* the district judge appointed Hagens Berman as sole lead counsel over application by other firms (including Audet & Partners) where the applicants "tendered proposals in which the law firms…would share the load with other firms…while Hagens Berman propose[d] to discharge the responsibility with resources of its own firm."[9]  In appointing the firm as

---

[7] Manual for Complex Litigation (4th), § 10.224 ("Deferring to proposals by counsel without independent examination, even those that seem to have the concurrence of a majority of those affected, invites problems down the road if designated counsel turn out to be unwilling or unable to discharge their responsibilities satisfactorily or if they incur excessive costs.").

[8] *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 05-md-1720, 2006 WL 2038650, at *4 (E.D.N.Y. 2006) (scrutinizing a private ordering arrangement and stating that court's "task in deciding these motions is to protect the interests of the plaintiffs, not their lawyers," as "[a] result that best serves the plaintiffs must trump any alternative that may in some sense be deemed fairer to some of the lawyers who would represent them").

[9] *In re Stericycle, Inc.,* No. 13-C-5795, 2013 WL 5609328, at *1 (N.D. Ill. Oct. 11, 2013).

Interim Class Counsel the district court observed that our "track record" was "impressive," and that the firm had "a substantial number of really outstanding big-ticket results."[10] And in selecting Hagens Berman as sole lead in *In re Optical Disk Drive Products Antitrust Litigation* (including over a proposed leadership slate that included Mr. Scarpulla and his former firm Zelle Hoffman) the district judge found: "[a] clear choice emerges. That choice is the Hagens Berman firm."[11] Such judicial recognition further supports appointment of Steve Berman and Hagens Berman as lead counsel.

### D.  Hagens Berman Has Attempted to Work Cooperatively the *Regional International* Plaintiffs' Proposed Lead Counsel.

As this Court directed at the May 22, 2015 conference, Hagens Berman conferred with other indirect purchaser plaintiffs' counsel regarding a proposed leadership structure. While Hagens Berman believes the nature of this case requires an efficient leadership structure, in an effort to be inclusive and avoid this Court having to decide lead counsel issues, Hagens Berman proposed to the *Regional International* Plaintiffs' counsel that Hagens Berman act as lead counsel, and that there be an executive committee comprised of one representative from the then three filed indirect purchaser plaintiff complaints. The *Regional International* Plaintiffs never responded to this proposal or submitted a counter-proposal. Instead, following this discussion, several new indirect purchaser plaintiff complaints were filed. After the filing of these new complaints, on June 11, the *Regional International* counsel then emailed Hagens Berman, communicating the following *fait accompli*:

> Counsel in the indirect purchaser actions other than yours have reached agreement on an organizational structure we intend to propose to the court tomorrow. Essentially, it provides for a committee of the whole, chaired by Fran [Scarpulla] and [Josef Cooper], with work assignments to be spread around. We would like for your firm to participate. Please advise me if you will join.[12]

---

[10] *Id.*

[11] Order in *In re Optical Disk Drive Prods. Antitrust Litig.* at 4-5, Case No. 10-md-2143 (N.D. Cal. June 4, 2010) (attached as Exhibit A).

[12] *See* E-Mail from Josef Cooper to Jason Zweig (June 11, 2015) (attached as Ex. B).

June 19, 2015
Page 7

On June 12, Regional International then submitted its proposal to this Court.[13]

### E.    Hagens Berman Will Work Cooperatively with Direct Purchaser Plaintiffs' Lead Counsel.

In addition to lead counsel applications for the indirect purchaser plaintiffs, it appears this Court will need to decide competing leadership applications from the direct purchaser plaintiffs as well.  We believe that will be extremely important for direct and indirect purchaser plaintiffs to coordinate their efforts in order to realize efficiencies for their respective classes and achieve the best results for their respective classes.  Regardless of whom the Court appoints as lead counsel, Hagens Berman has worked cooperatively with each of the proposed firms, and will work cooperatively with those firms here.

For example, Hagens Berman and Hausfeld were co–counsel in *NCAA Student-Athlete Name & Likeness Litigation*[14] and worked cooperatively together.  Second, Hagens Berman and Kaplan Fox have worked together on numerous matters, and one of the Hagens Berman attorneys working on this case, is a former Kaplan Fox partner.

Thus, Hagens Berman will work cooperatively with any firm the Court appoints to act as lead counsel for the direct purchaser plaintiffs.

### F.    Conclusion.

As reflected by the first filed nature of our complaint, Steve Berman and Hagens Berman possess the knowledge and experience prosecuting the very type of case before the Court, are willing and able to commit to a time consuming process, are willing and able to work cooperatively with others, and have superior resources necessary for the timely prosecution of this case.

We thank the Court for its consideration of our Motion to Appoint Steve Berman and Hagens Berman Sobol Shapiro LLP as Interim Lead Counsel for the Indirect Purchaser Plaintiffs.

---

[13] *See generally* Dkt. # 26.

[14] Case No. C-09-1967-CW (N.D. Cal.).

010505-11  788908 V1

June 19, 2015
Page 8

          Respectfully submitted,

          HAGENS BERMAN SOBOL SHAPIRO LLP


          /s/ *Steve W. Berman*___
          Steve W. Berman

cc:    All counsel of record via CM/ECF