```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IN RE PARKING HEATERS
ANTITRUST LITIGATION                                            ORDER

This Document Relates To: ALL ACTIONS                           15-MC-0940 (JG) (JO)
-----------------------------------------------------------X
```

James Orenstein, Magistrate Judge:

I.    Designation of Counsel

    A.    Co-Lead Plaintiffs' Counsel

For the reasons set forth in a Memorandum and Order dated August 11, 2015, docket entry 49, I appoint the firms of Hausfeld LLP and Roberts Law Firm P.A. as co-lead interim counsel for the putative class of direct purchasers of aftermarket parking heaters for commercial vehicles (the "Direct Purchaser Class"), and the Law Offices of Francis O. Scarpulla and Cooper & Kirkham as co-lead interim counsel for the putative class of indirect purchasers of aftermarket parking heaters for commercial vehicles (the "Indirect Purchaser Class").[1] Each team of co-lead counsel shall generally be responsible for coordinating the activities of their respective class plaintiffs during pretrial proceedings and shall:

> determine (after consultation with co-plaintiffs' counsel) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the court and opposing parties the position of the class plaintiffs on all matters arising during pretrial proceedings;

---

[1] The Direct Purchaser Class consists of the named plaintiffs, and member of the putative class each purports to represent, in each of the following pending actions: *Triple Cities Acquisition LLC v. Espar Inc.*, 15-CV-1343 (JG) (JO); *Nat'l Trucking Reclamation Fin. Svcs. v. Espar Inc.*, 15-CV-2310 (JG) (JO); *Trailer Craft Inc. v. Espar Inc.*, 15-CV-2411 (JG) (JO); *Guay Bros. Co. v. Espar Inc.*, 15-CV-3225 (JG) (JO); *Advance Diesel Svc. v. Espar Inc.*, 15-CV-4350 (JG) (JO); and *Myers Equip. Corp. v. Espar Inc.*, 15-CV-3872. The Indirect Purchaser Class consists of the named plaintiffs, and member of the putative class each purports to represent, in each of the following pending actions: *Reg'l Int'l Corp. v. Espar Inc.*, 15-CV-1798 (JG) (JO); *Raccoon Valley Transp. Inc. v. Espar Inc.*, 15-CV-1338 (JG) (JO); *Johnson v. Espar Inc.*, 15-CV-3174 (JG) (JO); *Davidson Transfer, LLC v. Espar Inc.*, 15-CV-3005 (JG) (JO); and *N. Jersey Truck Ctr., Inc. v. Espar Inc.*, 15-CV-3290.

coordinate the initiation and conduct of discovery on behalf of class plaintiffs' consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(2), and 26(g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

conduct settlement negotiations on behalf of class plaintiffs, but not enter into binding agreements except to the extent expressly authorized;

delegate specific tasks to other counsel or committees of counsel in a manner to ensure that pretrial preparation for the class plaintiffs is conducted efficiently and effectively;

enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

prepare and distribute periodic status reports to the parties;

maintain adequate time and disbursement records covering services as lead counsel;

monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

perform such other duties as may be incidental to proper coordination of class plaintiffs' pretrial activities or authorized by further order of the court.

This order does not limit the right of other counsel for class plaintiffs to be heard on matters not susceptible to joint or common action, or when a genuine and substantial divergence of opinion exists among counsel. However, the parties and their counsel are encouraged to avoid presentations of cumulative views, or submissions that differ from those of co-lead counsel in only minor ways.

B.     Liaison Counsel

I appoint Steven Williams of the law firm Cochett, Pitre & McCarthy LLP to be liaison counsel for the putative class of Indirect Purchaser Class, and in that capacity to be responsible for facilitating and expediting communications with and among co-lead plaintiffs' counsel for that class.

II.     Submission of Time Records

All class plaintiffs' counsel in these class action cases shall submit on a periodic basis a record of the time expended on these matters, in a manner set forth by co-lead counsel.

III.     Status Conferences and Status Reports

As discussed at the status conference on August 7, 2015, I will conduct regular status conferences with representatives of parties to this action. Absent a court order or agreement among plaintiffs' counsel to the contrary, all co-lead and liaison counsel for the plaintiffs shall participate in these status conferences.

Prior to each scheduled status conference, the parties' counsel are directed to meet and confer and file a joint report on the progress of the case, any disputes requiring court intervention, and other issues to be discussed at the conference. The status report shall be submitted at least one week prior to the scheduled conference. If warranted, I will entertain a timely application to cancel or adjourn any such conference.

SO ORDERED.

Dated:  Brooklyn, New York
        August 11, 2015

                                                            /s/
                                                  JAMES ORENSTEIN
                                                  U.S. Magistrate Judge

3