UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN RE PARKING HEATERS ANTITRUST LITIGATION

This Document Relates to:
*All Cases*

No. 15-MC-940 (JG) (JO)

## [PROPOSED] CASE MANAGEMENT ORDER NO. 1

JAMES ORENSTEIN, Magistrate Judge:

To further the efficient administration of this matter, IT IS HEREBY ORDERED that the deadlines and procedures that follow shall govern all actions consolidated by Order dated May 27, 2015,[1] together with any other cases arising out of the same operative facts as in the above-captioned matter that have been or which may be later filed in or transferred to this court:[2]

1.  Within twenty-one (21) days following the entry of this Case Management Order, Defendants Webasto Products North America, Inc., and Webasto Thermo & Comfort North America, Inc. (collectively, "Webasto Defendants") and Espar, Inc., Espar Products Inc., Espar North America, Inc. (collectively, "Espar Defendants") shall produce to Plaintiffs documents for the period October 1, 2007 to December 31, 2014 relating to the above-captioned matter as agreed to by the Parties. Prior to the entry of a Protective Order, all counsel agree to treat any documents produced in these actions on an "attorneys'-eyes-only" basis.

---

[1] ECF No. 28, *Raccoon Valley Transport, Inc. v. Espar, Inc.,* No. 15-cv-1338; ECF No. 28, *Triple Cities Acquisition LLC v. Espar, Inc.*, No. 15-cv-1343; ECF No. 24, *Reg'l Int'l Corp. v. Espar, Inc.*, No. 15-cv-1798; ECF No. 19, *National Trucking Reclamation Srvs. v. Espar, Inc.*, No. 15-cv-2310; ECF No. 19, *Trailer Craft Inc. v. Espar, Inc.*, No. 15-cv-2411; .

[2] These include actions filed since May 27, 2015: *Davidson Transfer, LLC v. Espar, Inc.*, No. 15-cv-3005; *Johnson v. Espar, Inc.*, No. 15-cv-3174; *Guay Brothers Co., Inc. v. Espar, Inc.*, 15-cv-3225; *North Jersey Truck Ctr., Inc. v. Espar, Inc.*, No. 15-cv-3290; *Myers Equip. Corp. v. Espar, Inc.*, No. 15-cv-3872; and *Advance Diesel Service v. Espar Inc.,* No. 15-cv-4350.

1

2. Within sixty (60) days of production of documents identified in Paragraph 1 of this Order, Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs ("DPPs") and for the Indirect Purchaser Plaintiffs ("IPPs") shall each file a Consolidated Amended Class Action Complaint ("CAC"). In the interim, no Defendant need respond to any complaint currently on file or filed hereafter arising out of the same operative facts as in the above-captioned matter.

3. Within sixty (60) days of the filing of the CAC in these Actions, Defendants shall answer, move, or otherwise respond to each such CAC. The DPPs and the IPPs shall respond to any such motions within forty-five (45) days of service of the motion(s). Defendants bringing such motion(s) shall file any reply brief(s) within thirty (30) days of service of any responsive brief(s). After the CACs are filed, the parties will meet and confer regarding the page length of supporting memoranda filed in support or opposition to any motions to dismiss and submit a stipulation or competing proposals to the Court.

4. Within forty-five (45) days of the filing of the CAC, Interim Co-Lead Counsel for the DPPs and for the IPPs shall jointly meet and confer with Defendants for the purpose of preparing and filing: (a) a Document Preservation Order; (b) an ESI Protocol; and (c) a Case Management Report. Within fourteen (14) days of the conclusion of their meet-and-confer discussions, the parties shall file a joint: (a) Document Preservation Order; (b) ESI Protocol; (c) Initial Disclosures; and (d) if necessary, a Case Management Report, briefly setting forth their positions, as well as the reasons therefore, regarding any issue on which they could not reach agreement. Until the parties reach an agreement on a proposed Document Preservation Order, all parties and their counsel are reminded of their duty to preserve evidence that may be relevant to the Actions. "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all evidence. If the business practices of any party involve the routine destruction,

recycling, relocation, or mutation of potentially discoverable materials, that party must halt such practices or take appropriate steps to preserve its information.

     5.     All parties shall exchange their Rule 26(a) initial disclosures within sixty (60) days after DPPs and IPPs file their respective CACs. The production of documents by Webasto and Espar Defendants referenced in Paragraph 1 shall be in lieu of disclosure by those Defendants of information required under Rule 26(a)(1)(A)(i) of the Federal Rules of Civil procedure to the extent the information required under that subparagraph is identifiable from documents produced by those Defendants under paragraph 1 of this Order.  To the extent that some or all of the disclosures required under Rule 26(a)(1)(A)(iii) are required under an agreed-upon ESI Protocol developed by the Parties pursuant to paragraph 4 of this Order, no Party shall be required to make such disclosures at the time their Rule 26(a) disclosures are due.

     6.     The Court will hold a Status Conference in this matter on March 17, 2016 at __ in Courtroom 11B. Should matters arise prior to that date that the Parties believe require the Court's attention, the parties jointly shall so inform the Court along with proposed dates for a Status Conference.

SO ORDERED.

Dated: Brooklyn, New York
October ___, 2015

                                                                                                                  _____
                                                                                                                  JAMES ORENSTEIN
                                                                                                                  U.S. Magistrate Judge